ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 NOV 16 AM 11:34
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JOHNNY DOUGLAS JOHNSON, | ) | |
| | ) | |
| Petitioner,[1] | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JIM HINSON, Sheriff of Dodge County, | ) | CV 312-076 |
| Georgia, DODGE COUNTY DISTRICT | ) | |
| ATTORNEY, DODGE COUNTY | ) | |
| SHERIFFS OFFICE, and OCONEE | ) | |
| JUDICIAL CIRCUIT PUBLIC | ) | |
| DEFENDERS OFFICE, | ) | |
| | ) | |
| Respondents.[2] | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate at Appling County Detention Center in Baxley, Georgia, has ostensibly submitted to the Court for filing a complaint brought pursuant to 42 U.S.C. § 1983.[3] Petitioner seeks to proceed *in forma pauperis* ("IFP"). (Doc. no. 2.) For the

---

[1] The **CLERK** is **DIRECTED** to modify the docket to reflect that this is a filing pursuant to 28 U.S.C. § 2241, and to designate Plaintiff and Defendants as Petitioner and Respondents, respectively.

[2] The Court is aware that the proper respondent in a § 2241 petition is the person who has current custody over the petitioner. See 28 U.S.C. § 2242; Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004). In the instant case, that would be the Sheriff of Appling County, who is not named, and none of the named Respondents would be proper. In any event, the Court's determination that the instant petition is subject to dismissal with no need for a response makes it unnecessary for the Court to make any definitive finding regarding who the proper respondent is in this action.

[3] As explained *infra*, the Court construes Petitioner's filing as a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241.

reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the motion to proceed IFP be deemed **MOOT** and that this case be **DISMISSED** without prejudice, and **CLOSED**.[4,5]

## I. BACKGROUND

Petitioner alleges that he was arrested on March 19, 2012, in Holly Springs, Mississippi, and then extradited to Eastman, Georgia in Dodge County on or about April 5, 2012, by the Dodge County Sheriffs Office. (Doc. no. 1, p. 5.) According to Petitioner, he is charged with kidnapping and aggravated sexual assault. (Id.) Petitioner reports that he has been held in custody at the Dodge County Jail and the Baxley [Appling] County Detention

---

[4]Petitioner also filed a separate civil action under 42 U.S.C. § 1983, naming Jim Hinson as the sole Defendant. See Johnson v. Hinson, CV 312-075, doc. no. 1 (S.D. Ga. Aug. 6, 2012) (hereinafter "CV 312-075"). On September 10, 2012, Petitioner filed a motion in CV 312-075 to consolidate that case with the instant case or to voluntarily dismiss CV 312-075, expressing an intention to amend his pleading in the instant case to reflect the allegations submitted in CV 312-075. See id., doc. no. 9. In an Order dated September 18, 2012, the Court granted the motion to voluntarily dismiss and terminated CV 312-075. See id., doc. no. 10. The Court also directed Petitioner to file any amendment in the instant case within fifteen (15) days of the September 18, 2012 Order. See id.

When the time for filing an amendment passed and Petitioner had not submitted any amendments in the instant case, the Court, in an Order dated October 24, 2012, gave Petitioner fourteen additional days in which to submit any proposed amendments. (See doc. no. 12.) Petitioner's service copy of the Court's October 24, 2012 Order was returned as undeliverable, however, with a notation by Appling County Jail that Petitioner is "Not in Jail." (See doc. no. 13.) By failing to provide the Court with an address where he can be reached, Petitioner has left the Court with a stagnant case. Indeed, Petitioner was warned in CV 312-075 that failure to inform the Court of a change of address would result in dismissal of his case without prejudice. See id., doc. no. 8. Thus, even if the petition were not subject to dismissal for the reasons discussed infra, the case would still be subject to dismissal without prejudice for failure to prosecute. See Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009); Loc. R. 41.1(c).

[5]As "it appears from the application that the applicant or person detained is not entitled" to the relief he seeks, the Court now makes its recommendation without directing a response to the instant petition. 28 U.S.C. § 2243.

2

Center "at the direction of" Sheriff Hinson since April 5, 2012. (Id.) Petitioner further alleges that the Dodge County District Attorney "accepted" the charges and asked for no bail, but that Petitioner has not appeared in court for a bail hearing. (Id.) Petitioner states that the Oconee Judicial Circuit Public Defenders Office refused to appoint him an attorney and has not responded to his letters or phone calls. (Id.) According to Petitioner, he has been in custody for more than 120 days without seeing a judge or courtroom, having his charges read, or having an attorney appointed. (Id.)

Petitioner's grounds for relief concern allegations of constitutional violations arising from his pretrial detention. In particular, Petitioner claims violations of his right to a speedy trial, his right to due process, his right to bail, and his right to representation by appointed counsel. (See id. at 6-7.) Petitioner makes several requests for relief, all in the alternative. These include asking this Court to (1) order all charges dismissed and not allow them to be refiled; (2) appoint a federal public defender; (3) transfer his case to federal court; (4) set a bond of $100.00 on each of his charges; (5) appoint a monitor to his case; or, (6) force Dodge County to honor his right to a speedy trial and sanction them for their failure to do so. (Id. at 6-7.) Moreover, Petitioner describes his filing as "an appeal of court procedures" and indicates that the § 1983 complaint form was given to him twice "when [he] asked for a writ of Habeas Corpus." (Id. at 4.)

## II. DISCUSSION

Although the form used by Petitioner bears the heading of a filing arising under 42 U.S.C. § 1983, the Court must consider the relief he seeks. Petitioner reports that the § 1983 complaint form was given to him twice "when he asked for a writ of Habeas Corpus." (Doc. no. 1, p. 4.) Moreover, the title on the form does not prevent the Court from considering the

3

filing for what the substance shows it to be, namely, a request for habeas corpus relief. Indeed, the Eleventh Circuit has repeatedly recognized the practice of looking beyond the title of a document in order to properly analyze its substance. Fugate v. Department of Corr., 301 F.3d 1287, 1288 (11th Cir.) (*per curiam*) (affirming district court's holding that plaintiff's action putatively brought pursuant to 42 U.S.C. § 1983, was properly construed as a petition for writ of habeas corpus), *cert. denied*, 536 U.S. 980 (2002); Spivey v. State Bd. of Pardons and Paroles, 279 F.3d 1301, 1302 n.1 (11th Cir. 2002) (*per curiam*) (looking past "artfully" labeled filing to apply limit on second or successive habeas petitions); Gilreath v. State Bd. of Pardons and Paroles, 273 F.3d 932, 933 (11th Cir. 2001) (*per curiam*) ("We look at the kind of relief Appellant seeks from the federal courts and conclude that, however the Appellant described it [motion for stay of execution], the motion was for habeas corpus relief.").

In this case, Petitioner alleges that his pretrial detention is illegal, and requests several potential forms of relief from his detention, first and foremost for his charges to be dismissed altogether. (Id. at 6-7.) It is well settled, however, that "a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) (quoting Preiser v. Rodriguez, 411 U.S. 475, 489 (1973)); see also Johnson v. Chisholm, CV 409-143, 2009 WL 3481904, at *1 (S.D. Ga. Oct. 28, 2009) (explaining that pretrial detainee seeking preliminary and permanent injunctions of his state criminal proceedings, dismissal of his state charges, and immediate release failed to advance a cognizable claim under § 1983 because his sole remedy was to file a habeas petition under 28 U.S.C. § 2241). Because Petitioner here is challenging the fact and duration of his confinement, and seeks injunctive relief to expedite or terminate his

4

prosecution, he is requesting habeas corpus relief.

As for the proper form of habeas relief, a challenge to the legality of pretrial detention (as opposed to detention pursuant to a judgment of conviction) is properly brought pursuant to 28 U.S.C. § 2241. See Hughes v. Attorney General of Fla., 377 F.3d 1258, 1261-62 (11th Cir. 2004) ("The present habeas petition was initially brought pursuant to 28 U.S.C. § 2254. However, because this petition for habeas relief is a pre-trial petition it would only be properly asserted pursuant to 28 U.S.C. § 2241."). Accordingly, Petitioner's initial filing should be construed as a § 2241 habeas corpus petition rather than a § 1983 complaint.

However, pretrial § 2241 petitions, like all habeas petitions, are subject to an exhaustion requirement. See Wilkinson v. Dotson, 544 U.S. 74, 79 (2005) (noting that all habeas corpus actions "require a petitioner to fully exhaust state remedies"); Thomas v. Crosby, 371 F.3d 782, 812 (11th Cir. 2004) (Tjoflat, J., concurring) ("Among the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies."); Tooten v. Shevin, 493 F.2d 173, 175 (5th Cir. 1974)[6] (noting in the context of a pre-trial detainee's federal habeas petition that "[a]lthough federal courts have the power to release state prisoners before trial, the exhaustion requirement must be fulfilled").

Specifically, the exhaustion doctrine, "first announced" in Ex parte Royall, 117 U.S. 241 (1886), requires the petitioner to "give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v.

---

[6]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.

5

Boerckel, 526 U.S. 838, 842 (1999) (§ 2254 case). The Supreme Court has held that a state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a "fair opportunity" to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). In order to afford the state courts this "full and fair opportunity" to address his claims, a habeas petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845.

With regard to the claims asserted in the instant petition, Georgia law allows pretrial detainees to raise each of these types of claims either during state criminal proceedings or collaterally in a state habeas corpus action. See Perera v. Miller, 662 S.E.2d 544, 544 (Ga. 2008) (noting that criminal defendants can bring speedy trial claim during the course of criminal proceedings); Jackson v. State, 614 S.E.2d 781, 783-84 (Ga. 2005) (ruling on speedy trial claim and due process claim based on preindictment delay; claims initially brought in motion for a new trial and reasserted on direct appeal); Rainwater v. Langley, 587 S.E.2d 18, 19-20 (Ga. 2003) (challenging pretrial detention in state habeas petition); Banks v. Waldrop, 531 S.E.2d 708, 708 (Ga. 2000) (holding that challenge to pretrial detention based on contention of improper denial of bail is properly brought in state habeas petition); Taylor v. Chitwood, 471 S.E.2d 511, 512 (Ga. 1996) (stating that failure to hold a first appearance may be raised by defendant during trial and on direct appeal); McClure v. Hopper, 214 S.E.2d 503, 506 (Ga. 1975) (holding that pretrial detainee's claim based on denial of a timely first appearance may be cognizable in habeas corpus action before indictment).

However, Petitioner has not alleged, and there is nothing in the record to suggest, that

6

he filed a state habeas petition challenging his pre-trial detention, or sought any other relief in state court. Therefore, the Court finds that Petitioner has failed to satisfy the exhaustion requirement, and concludes that the instant petition should be dismissed without prejudice so that Petitioner may exhaust available state remedies.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the motion to proceed IFP be deemed **MOOT** and that this case be **DISMISSED** without prejudice, and **CLOSED**. Because the Court has recommended dismissing the instant petition for failure to exhaust, the Court further **REPORTS** and **RECOMMENDS** that Petitioner's "Motion to Produce, Preserve and Present Documents, Photos, Statements, Logs, Files, Receipts, and All Matter related to Pending Criminal Charges Against Plaintiff" be **DENIED** as **MOOT**. (Doc. no. 11.)

SO REPORTED and RECOMMENDED this 16th day of November, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

7